UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| D. RUSSO INC. et al., | : | |
| Plaintiffs, | : | Civil Action No. 12-2397 (SRC) |
| v. | : | **OPINION** |
| JEFFREY CHIESA et al., | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on two motions to dismiss the Amended Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), one by Defendant Jeffrey Chiesa ("Chiesa"), Attorney General of the State of New Jersey, and one by Defendants Daniel Antonelli, Suzette Cavados, Manuel Figeuiredo, Joseph Florio, Kevin Kalendek, Ronald Manzella, Richard Milanda, Clifton People, Anthony Terrezza, the Township of Union Police Department, and the Township of Union (collectively, the "Township"). These motions have been opposed by Plaintiffs D. Russo Inc. t/a "H22," Kevin Hickey ("Hickey"), and Daniel Russo (collectively, "Plaintiffs"). For the reasons stated below, the motions will be granted in part and denied in part.

This case arises from a long-running dispute between Plaintiffs, an adult entertainment business known as "Hot 22" which operated in the Township of Union, New Jersey and its owners, and the Township, which has tried to close Hott 22 down, contending that its operation violates a New Jersey statute, N.J.S.A. § 2C:34-7. Prior litigation over this issue proceeded in New Jersey state court for years until it reached its conclusion in 2011. The Amended Complaint

alleges that, on April 13, 2012, members of the Township of Union Police Department shut down Hott 22. Shortly thereafter, Plaintiffs filed the Complaint initiating this action, followed by an Amended Complaint.

The Amended Complaint asserts that it concerns events which occurred on or about April 13, 2012, when officers from the Township of Union Police Department closed down H22 (the "Closure") on the basis that it violated N.J.S.A. § 2C:34-7 (the "Act"). The Amended Complaint asserts ten counts: 1) the Act deprives Plaintiffs of their constitutionally-protected rights, in violation of 42 U.S.C. § 1983; 2) the Act should be applied using a "walking door-to-door standard," and this Court should determine that, under this standard, Hott 22 has not violated the Act; 3) the Closure was an unlawful search and seizure; 4) the Closure violated Plaintiffs' rights to due process of law; 5) the Closure was a taking in violation of the Fifth Amendment; 6) the Act, as applied, violates the equal protection clause; 7) a December 2011 Township ordinance change, regarding buffer zone requirements, was an unconstitutional *ex post facto* law; 8) the Act, as applied, is an unconstitutional *ex post facto* law; 9) the Act, as applied, violates Plaintiffs' rights to free speech; and 10) the Township's restaurant licensing "ordinance scheme" is void for vagueness.

## STANDARD OF REVIEW

**I.    Motion To Dismiss Under Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v.

Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).

Factual allegations must be well-pleaded to give rise to an entitlement to relief:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## DISCUSSION

Defendants move to dismiss the Amended Complaint on a number of grounds, including that this action is barred by *res judicata* and New Jersey's entire controversy doctrine. This Court finds that these arguments hit the mark, but only as to a subset of the claims in the Amended Complaint.

There were some unusual aspects to the briefing of these motions. Both moving briefs filed by Defendants argue that the Amended Complaint should be dismissed pursuant to New Jersey's entire controversy doctrine. Plaintiff's opposition brief did not address the entire

4

controversy doctrine. Chiesa filed a reply brief, however, which treats Plaintiffs' opposition brief as if it did address the entire controversy doctrine. Plaintiffs then, on March 6, 2013, filed a letter contending that Defendants had raised the entire controversy doctrine for the first time in their reply, seeking leave to file a sur-reply so that they might address this new argument. This Court granted Plaintiffs leave to file a sur-reply, not because they were correct that Defendants raised the entire controversy doctrine for the first time on reply, but because this Court considered it important to get Plaintiffs' response to the entire controversy doctrine argument that they had previously overlooked. Plaintiffs then filed a sur-reply which, belatedly, addressed the issue of the entire controversy doctrine.

The gist of what is at issue in these motions is this: Defendants contend that Plaintiffs' claims in the present case were already litigated, or should have been litigated, in the prior litigation over the application of the Act to Hot 22 in the state courts of New Jersey.[1] Plaintiffs respond that the events on which the present claims are based did not occur until after the prior litigation concluded. The truth lies somewhere in the middle. To the extent that Plaintiffs seek to relitigate issues of the constitutionality of N.J.S.A. § 2C:34-7, as applied to Hott 22, this Court agrees with Defendants that such claims either have been previously litigated, or should have been, and are barred by various preclusion doctrines. Chiesa correctly limits the scope of this argument to the challenges to the constitutionality of the Act. The Amended Complaint, however, has a broader scope, and includes challenges to events which occurred on April 13, 2012, when Hott 22 was shut down. Plaintiffs are correct that the prior litigation, having

---

[1] It is the Township that appears to argue that all of the present claims were litigated previously. Chiesa limits the preclusion argument to the constitutional claims.

concluded before April 13, 2012, cannot have adjudicated disputes which first arose on that day. This Court must thus first examine the Amended Complaint to distinguish the issues which could not have been litigated previously from those which could have been.

The First Count of the Amended Complaint alleges that various actions by Defendants violated Plaintiff's constitutionally-protected rights, pursuant to 42 U.S.C. § 1983. The First Count does not specify what conduct by which Defendants violated which right. The First Count does not plead sufficient facts to meet the requirements of either Twombly or Rule 8. It fails to give Defendants adequate notice of what the claim is. The First Count will be dismissed without prejudice so that Plaintiffs may redraft it to make clear what specific conduct is alleged to have violated which constitutional right.

The Second Count seeks "declaratory relief that there exists an ambiguity in The Act" and asks for a declaration that the Act "must be read in such a manner as to maximize free speech." (Am. Compl. ¶ 199.) This claim deals with the constitutionality and interpretation of the Act and could have been asserted in the prior litigation.

The Third Count asserts that the Closure constituted an illegal search and seizure. Similarly, the Fourth Count seeks a declaration that the Closure deprived Plaintiffs of their right to due process of law. The Fifth Count asserts that the Closure constituted a taking, in violation of the Fifth Amendment. While these three claims all complain of violations of constitutionally-protected rights, they complain that the Closure resulted in these violations. These three claims could not have been raised prior to the Closure, and they may be litigated without reopening the precluded issue of the constitutionality of N.J.S.A. § 2C:34-7, as applied to Hot 22.

The Sixth Count asserts that the Act is unconstitutional as applied to Hott 22, "in that it

fails to afford them the equal protection of the laws." (Am. Compl. ¶ 212.)   Similarly, the Eighth Count contends that the Act is unconstitutional as a violation of the *ex post facto* clause, and the Ninth Count contends that the Act violates the right to free speech.   The Sixth, Eighth, and Ninth claims deal with the constitutionality of the Act and could have been asserted in the prior litigation.

The Seventh Count is somewhat confusing, but it asserts that various changes in 2011 in Township ordinances regarding "the buffer zone for sexually oriented businesses" impacted Hot 22 in various ways.  (Am. Compl. ¶ 215.)  This claim deals with events which occurred after the conclusion of the trial phase of the prior litigation, and it could not have been asserted in the prior litigation.

The Tenth Count is also unclear, but it appears to contend that the Township's restaurant licensing ordinances are unconstitutionally void for vagueness.  There is insufficient information before the Court to determine whether this claim could have or should have been asserted in the prior litigation.  Like the First Count, the Tenth Count does not plead sufficient facts to meet the requirements of either <u>Twombly</u> or Rule 8.  It fails to give Defendants adequate notice of what the claim is.  The Tenth Count will be dismissed without prejudice so that Plaintiffs may redraft it to make clear what facts support the claim.

In sum, the First and Tenth Counts fail to plead sufficient facts and will be dismissed without prejudice.  The Second, Sixth, Eighth, and Ninth claims deal with the constitutionality of the Act and will be discussed further *infra*, in regard to *res judicata* doctrines.   The Third, Fourth, Fifth, and Seventh claims deal with events which occurred after the conclusion of the prior litigation, and they could not have been asserted in the prior litigation.

Having distinguished the claims that could not have been litigated in the prior litigation, this Court now considers whether the Second, Sixth, Eighth, and Ninth claims are barred by the entire controversy and *res judicata* doctrines.

The fundamental principle of New Jersey's entire controversy doctrine, codified in Rule 4:30A of the New Jersey Rules of Civil Procedure, is that "the adjudication of a legal controversy should occur in one litigation in only one court." Joel v. Morrocco, 147 N.J. 546, 548 (1997). Rule 4:30A states:

> Non-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine, except as otherwise provided by R. 4:64-5 (foreclosure actions) and R. 4:67-4(a) (leave required for counterclaims or cross-claims in summary actions).

The entire controversy doctrine serves three fundamental purposes:

> (1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay.

Ditrolio v. Antiles, 142 N.J. 253, 267 (1995). It is meant to constrain a plaintiff from "withhold[ing] part of a controversy for separate litigation even when the withheld component is a separate and independently cognizable cause of action." Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 137 (3d Cir. 1999). The doctrine "requires parties to a controversy before a court to assert all claims known to them that stem from the same transactional facts." Joel, 147 N.J. at 548. In Ditrolio, the New Jersey Supreme Court set forth the fundamental principles of the entire controversy analysis:

> In determining whether successive claims constitute one controversy for purposes of the doctrine, the central consideration is whether the claims against the

> different parties arise from related facts or the same transaction or series of transactions. It is the core set of facts that provides the link between distinct claims against the same or different parties and triggers the requirement that they be determined in one proceeding. One measure of whether distinct claims are part of an entire controversy is whether parties have a significant interest in the disposition of a particular claim, one that may materially affect or be materially affected by the disposition of that claim. The test for whether claims are "related" such that they must be brought in a single action under New Jersey entire controversy doctrine was expressed in *O'Shea v. Amoco Oil Co.*, 886 F.2d 584 (3d Cir. 1989), as follows: if parties or persons will, after final judgment is entered, be likely to have to engage in additional litigation to conclusively dispose of their respective bundles of rights and liabilities that derive from a single transaction or related series of transactions, the omitted components of the dispute or controversy must be regarded as constituting an element of one mandatory unit of litigation.

Ditrolio, 142 N.J. at 267-268 (citations omitted).

To determine whether the Second, Sixth, Eighth, and Ninth claims are barred by the entire controversy doctrine, this Court must compare them to the subject matter of the prior litigation.

As to the prior litigation, the Amended Complaint cites the opinion issued by the Appellate Division dated September 17, 2010. (Am. Compl. ¶ 147.) This Court takes judicial notice of this decision, which appears on LEXIS as D. Russo, Inc. v. Romankow, 2010 N.J. Super. Unpub. LEXIS 3162 (N.J. Super. Ct. App. Div. Sept. 17, 2010). In that decision, the Appellate Division issued its opinion on the constitutionality of N.J.S.A. 2C:34-7, as applied to the dispute between D. Russo, Inc. and the Township of Union, regarding Hott 22: "The fundamental question in this matter asked whether Russo's sexually oriented business — known as Hott 22 — located on Route 22 in the Township, may operate in the face of N.J.S.A. 2C:34-7." Id. at *2. Specifically, the Appellate Division examined the constitutionality of the Act, as applied to Hot 22, in light of the First Amendment's protection of freedom of expression.

9

Id. at *17. The Appellate Division concluded: "Russo's constitutional right to freely express himself through Hott 22's business activities has not been infringed by N.J.S.A. 2C:34-7." Id. at *22. On May 19, 2011, the New Jersey Supreme Court denied the plaintiff's petition for certification. D. Russo, Inc. v. Township of Union, 206 N.J. 328 (2011).

The Township contends that New Jersey's entire controversy doctrine bars all claims in this case because, in short, "the issues raised in the federal court suit were or could have been litigated in the state court action." (Township's Br. 21.) Chiesa contends that all present constitutional claims are barred by the entire controversy doctrine because they were or could have been raised in the state action. (Chiesa's Br. 9.)

In the scant three pages of opposition in their sur-reply, Plaintiffs make two arguments: 1) the present claims are based on new transactions; 2) Hickey was not a party to the prior litigation. Neither argument succeeds.

Plaintiff's new transactions argument is that "the vast majority of operative events actually occurred after the decision date at the trial court level, August 6, 2008." (Pls.' Sur-reply 11.) As the discussion *supra* explained, this is true for some of the present claims, but not others. The Second, Sixth, Eighth, and Ninth claims deal with the constitutionality of the Act, and not with Closure or other events which occurred after 2008.

As the New Jersey Supreme Court has stated, a central consideration in the application of the entire controversy doctrine is as follows: "The issue is, basically, whether a sufficient commonality of facts undergirds each set of claims to constitute essentially a single controversy that should be the subject of only one litigation." Ditrolio, 142 N.J. at 258. The Second, Sixth, Eighth, and Ninth claims in the instant case have a core of operative facts in common with the

prior litigation: 1) Hot 22 is an adult entertainment business operating in the Township of Union, New Jersey; 2) the Township has sought to close down Hot 22 on the ground that it violates N.J.S.A. § 2C:34-7; and 3) Plaintiffs believe that the application of N.J.S.A. § 2C:34-7 to Hot 22 violates their constitutionally-protected rights. These are the three facts at the core of both the prior litigation and these four claims, and they define the single controversy that should have been the subject of only one litigation. As to the Second, Sixth, Eighth, and Ninth claims in the present litigation brought by D. Russo Inc. and Daniel Russo, who were parties to the prior litigation, this Court finds that a sufficient commonality of facts undergirds each set of claims that the two sets constitute a single controversy that should have been the subject of one litigation.

Plaintiffs propose a view of the entire controversy doctrine in which the implementation of a judgment constitutes a distinct, new fact sufficient to preclude the doctrine's bar. This, if it were the law, would nullify the doctrine, allowing cases to be relitigated endlessly.

Furthermore, the Second, Sixth, Eighth, and Ninth all seek relief based on the alleged unconstitutionality of the Act, which was the subject of the prior litigation. The present Second, Sixth, Eighth, and Ninth claims by Plaintiffs D. Russo Inc. and Daniel Russo could have been and should have been raised in the prior litigation. As the New Jersey Supreme Court has explained:

> Essential to the proper functioning of state and federal courts is the principle that a disappointed litigant may not circumvent a judgment entered in one system by relitigating the claim or the decided issues in the other system. Generally speaking, whether started in state or federal courts, the determination of a case in one system should conclude the matter. . . . The availability of alternative forums should not give plaintiffs the additional luxury of suing first in one system and then in the other.

Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 409, 411 (1991). The present Second, Sixth, Eighth, and Ninth claims by Plaintiffs D. Russo Inc. and Daniel Russo are barred by the entire controversy doctrine and will be dismissed with prejudice.

As to the Second, Sixth, Eighth, and Ninth claims in the Amended Complaint brought by Hickey, Plaintiffs argue that Defendant "Hickey could not have been considered in the prior action because he did not have an interest in H22 until after the prior proceedings." (Pls.' Sur-reply 11.) The Amended Complaint alleges that Hickey became the sole shareholder of Hott 22 on January 20, 2009. (Am. Compl. ¶ 7.) The Amended Complaint alleges that Hickey purchased his interest in Hott 22 while the appeal in the prior litigation was pending. (Am. Compl. ¶ 146.)

Based on the allegations in the Amended Complaint, Plaintiffs are correct that Hickey did not have an ownership interest in Hott 22 until after the conclusion of the trial phase of the prior litigation. The Second, Sixth, Eighth, and Ninth claims brought by Hickey are barred not by the entire controversy doctrine, but by *res judicata*.

Both the Third Circuit and the New Jersey Supreme Court apply these principles to questions of res judicata, or claim preclusion:

> For claim preclusion to apply, there must have been "[1] a final judgment on the merits in [2] a prior suit involving the same parties or their privies, and [3] a subsequent suit based on the same cause of action." *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 158 (3d Cir. 2001). "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 172 (3d Cir. 2004); Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 412 (1991) ("Federal law requires the same three basic elements as New Jersey law"). As just discussed, the prior litigation resulted in a judgment

12

on the merits, and the Second, Sixth, Eighth, and Ninth claims arise from a subsequent suit based on the same cause of action. The Second, Sixth, Eighth, and Ninth claims were or could have been previously raised. The only element in question at this point is whether, as regards Hickey, the former suit involves a privy. A privy is "a person who is in privity with another." BLACK'S LAW DICTIONARY (9th ed. 2009). "[P]rivity of interest for *res judicata* purposes . . . requires some legal connection between the parties such as succession to the same rights to property." Rutgers Casualty Ins. Co. v. Dickerson, 215 N.J. Super. 116, 122 (N.J. Super Ct. App. Div. 1987).[2] The purchaser of a business is a successor in interest, " [o]ne who follows another in ownership or control of property." BLACK'S LAW DICTIONARY (9th ed. 2009). The owner of property that is the subject of litigation cannot circumvent the operation of *res judicata* simply by selling the property to another; the element of privity expands the reach of *res judicata* to prevent a party from escaping the doctrine in this way. Just as Russo's Second, Sixth, Eighth, and Ninth claims are barred here by the entire controversy doctrine, Hickey, as successor in interest to Russo, is in privity of interest to Russo, and he is bound by *res judicata* just as Russo is. Because Hickey is in privity with Russo, Hickey's Second, Sixth, Eighth, and Ninth claims are barred by *res judicata* and will be dismissed with prejudice.

Inasmuch as this Court will dismiss with prejudice all the present claims precluded by the prior litigation, it need not reach Plaintiffs' Rooker-Feldman arguments.

The Township also moves to dismiss the claims by Russo and Hickey pursuant to

---

[2] See also Hudson Transit Corp. v. Antonucci, 137 N.J.L. 704, 706 (E. & A. 1948) ("Privity is simply mutual or successive relationship to the same rights of property. Privity within the view of the rule of *res judicata* ordinarily means identity of interest, through succession to the same rights of property involved in the prior litigation.")

Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), in which the Supreme Court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

The Township contends that the present action could invalidate state criminal convictions of Russo and Hickey. It is not at all clear to this Court how this argument works. At this point, the only claims in the Amended Complaint which have survived these motions to dismiss, the Third, Fourth, Fifth, and Seventh claims, appear to lack any meaningful connection to the criminal convictions of anyone. The Township has not persuaded this Court that Heck v. Humphrey has any relevance.

Both motions to dismiss the Amended Complaint for failure to state a valid claim for relief will be granted in part and denied in part. As to the Second, Sixth, Eighth, and Ninth Counts, the motions to dismiss are granted, and these claims are dismissed with prejudice. As to the First and Tenth Counts, the motions to dismiss are granted, and these claims are dismissed without prejudice. As to the Third, Fourth, Fifth, and Seventh Counts, the motions to dismiss

are denied, and these claims survive these motions.

                                                                              s/ Stanley R. Chesler
                                                                 Stanley R. Chesler, U.S.D.J.

Dated: May 16, 2013