UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| D. RUSSO INC. et al., | |
| Plaintiffs, | Civil Action No. 12-2397 (SRC) |
| v. | |
| JEFFREY CHIESA et al., | **OPINION & ORDER** |
| Defendants. | |

**CHESLER**, U.S.D.J.

This matter comes before the Court on two motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56: 1) the motion by Defendants Daniel Antonelli, Suzette Cavados, Manuel Figeuiredo, Joseph Florio, Kevin Kalendek, Ronald Manzella, Richard Milanda, Clifton People, Anthony Terrezza, the Township of Union Police Department, and the Township of Union (collectively, the "Township"); and the cross-motion by Plaintiffs D. Russo Inc. t/a "H22," Kevin Hickey ("Hickey"), and the estate of Daniel Russo (collectively, "Plaintiffs"). For the reasons stated below, Defendants' motion will be granted in part and denied in part, and Plaintiffs' cross-motion will be denied.

This case arises from a long-running dispute between Plaintiffs, an adult entertainment business known as "Hott 22" which operated in the Township of Union, New Jersey and its owners, and the Township. Plaintiffs filed this case in 2012, and the complaint presently active is the Second Amended Complaint ("SAC"), which asserts six counts (though the count which comes sixth is denominated the "Tenth Count.")

The Second Amended Complaint asserts that it concerns events which occurred on or

about April 13, 2012, when officers from the Township of Union Police Department closed down Hott 22 on the basis that it violated the Sexually Oriented Business Act ("SOBA"), N.J.S.A. § 2C:34-7. Defendants have now moved for summary judgment on certain claims, and Plaintiffs have cross-moved for summary judgment on certain claims.

On June 15, 2017, Plaintiffs submitted a sur-reply brief – a reply to Defendants' opposition to their cross-motion – without leave of the Court. Local Civil Rule 7.1(h) states: "No reply brief in support of the cross-motion shall be served and filed without leave of the assigned district or magistrate judge." Because the sur-reply brief was not permitted by L. Civ. R. 7.1(h), it was not considered by this Court.

Defendants first move for summary judgment on all claims against the Township of Union Police Department on the ground that a municipal police department is not a "person," separate from the municipality, within the meaning of 42 U.S.C. § 1983. Plaintiffs agree, and Judgment will be entered in Defendants' favor on all claims against the Township of Union Police Department.

Defendants next move for summary judgment on all <u>Monell</u> claims against the Township of Union, contending that Plaintiffs have no evidence to support these claims. In opposition, Plaintiffs point to the letter dated April 13, 2012 from Daniel Antonelli, attorney for the Township, to Kevin Hickey. In this brief letter, in short, Mr. Antonelli reported that the New Jersey Supreme Court had denied certification of the case challenging the decision of the Appellate Division that N.J.S.A. 2C:34-7 was constitutional as applied to Hott 22. (Hittman Cert. Ex. A.) The letter then stated:

> Consequently, please accept this letter as a cease and desist Order. If you
> continue to operate your business you, the manager or anyone else running the

>business will be deemed to have violated the above mentioned statute, which under the law is a fourth degree crime.

(Id.) Plaintiffs' opposition brief calls this letter "a smoking gun," and argues: "If Mr. Antonelli's letter . . . fails to evidence policy making, with the knowledge and approval of the Township, then there is scarcely likely to be a fact pattern that does." (Pls.' Opp. Br.) The opposition brief does not give any further explanation of how Plaintiffs support their Monell claim against the Township.

Plaintiffs' argument in opposition to the motion for summary judgment begins with a crucial mistake, contending that Defendants moved for summary judgment on the ground that a municipality cannot be liable for the conduct of its employees under a *respondeat superior* theory pursuant to Monell. The first sentence of Defendants' argument for summary judgment on the Monell claim states: "plaintiffs have failed to adduce any facts to establish liability." (Defs.' Br. 10.)

Plaintiffs bear the burden of proof for a claim pursuant to § 1983. "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Defendants, as the movants without the burden of proof at trial, satisfy their initial summary judgment burden by pointing to the absence of evidence to support Plaintiffs' case. In the first sentence of their argument for summary judgment, Defendants did just that.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). "A nonmoving party has created a

3

genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001). The Supreme Court has held:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex, 477 U.S. at 322-323. Thus, as to each claim, to defeat the motion for summary judgment, Plaintiffs must point to sufficient evidence to allow a jury to find in their favor at trial.

Plaintiffs' brief fails to even identify what constitutional right was violated – much less offered sufficient evidence to lead a jury to conclude that such a violation had occurred. As to the Monell claim, Plaintiffs have pointed to a single letter as a "smoking gun," but have not even dipped a toe into the topic of what constitutional right the letter violated, or how it did so. The Supreme Court has held: "As in any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated." County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998). Plaintiffs have failed to take this first step, and the First Count of the Second Amended Complaint gives only a long and general list of constitutional rights. (SAC ¶ 164.) Plaintiffs have failed to point to sufficient evidence to allow a jury to find at trial that a constitutional violation has occurred.[1] As to the First Count, as to the Township only, Plaintiffs

---

[1] Because Plaintiffs have failed to point to sufficient evidence to allow a jury to find a constitutional violation, this Court need not reach the legal questions involved in determining whether the Antonelli letter can give rise to Monell liability for the Township, such as whether a letter from the Township attorney is the kind of official action from which municipal liability can arise, or whether a municipal action warning of future enforcement of a state statute is policy

4

have failed to defeat the motion for summary judgment. As to the First Count, as to the Township only, the motion for summary judgment will be granted, and Judgment on the First Count will be entered in the Township's favor.

Defendants next move for summary judgment on the affirmative defense of qualified immunity for the individual Defendants, as to the claim under § 1983 that the individual Defendants violated the constitutional rights of Plaintiffs. Defendants cite <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982), in which the Supreme Court held: "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." A movant seeking summary judgment on an affirmative defense "bear[s] the burden of proof at trial and therefore must show that it has produced enough evidence to support the findings of fact necessary to win." <u>El v. SEPTA</u>, 479 F.3d 232, 237 (3d Cir. 2007). The problem here, as Defendants state, is this:

> Furthermore, plaintiffs have failed to identify the actions of each individual defendant in this matter. Plaintiffs seem to have included certain defendants simply because they were copied on a letter to Hott 22 dated April 13, 2012. The Complaint does not allege any specific facts and plaintiffs have taken no discovery, including depositions, which would reveal any such actions. There is no evidence whatsoever that the actions of the defendants were unreasonable under the circumstances, and they are entitled to summary judgment as a matter of law.

(Defs.' Br. 14.) Because Plaintiffs have not identified which actions by which individual Defendants are alleged to have violated which constitutional rights of which Plaintiff, Defendants are in no position at this juncture to show that they have produced enough evidence

---

attributable to the municipality for purposes of <u>Monell</u> liability.

to support the findings of fact necessary to win on their affirmative defense. As to the affirmative defense of qualified immunity, the motion for summary judgment will be denied.

Defendants have, however, made the argument that Plaintiffs have no evidence "that the actions of the defendants were unreasonable under the circumstances, and they are entitled to summary judgment as a matter of law." (Id.) They have thus also moved for summary judgment on the § 1983 claim against the individual Defendants. Here, Defendants are the movant without the burden of proof at trial, and they satisfy their initial summary judgment burden by pointing to the absence of evidence to support Plaintiffs' case. The burden then shifts to Plaintiffs to point to sufficient evidence to allow a jury to find in their favor on the § 1983 claim at trial.

Plaintiffs' opposition brief contains a section devoted to their § 1983 case against Defendants. The brief presents Plaintiffs' § 1983 case as follows:

> In reviewing the matter at bar, the violations by Defendants under color of law are as follows:
>
> 1. Violations of the First Amendment by chilling and intimidating free expression by threatening criminal prosecution for something which is not a crime, and for which no lasting conviction could be obtained despite three attempted prosecutions. This includes evidence that the 1000-foot distance was disputed at least as early as 2008, four years before this action commenced.
>
> 2. Violations of the Due Process Clause: Defendants sought to shut Plaintiffs' business using the force of law, including the Police Department when a stay of future litigation continued to be in place, and when the Russo conviction had been vacated. The same was ultimately never reinstated but Defendants attempted extra-judicial punishment regardless;
>
> 3. Violations of the Fourth Amendment: The Police Department engaged in a warrantless search and seizure shortly after this case began, apparently to using the color of law to attempt to commence a false prosecution (the indictment that flowed from said raid was dismissed and resulted in the published opinion in State v. Eldakroury) to gain an unfair advantage in this litigation and further the errant policy of the Township, its Corporation Counsel and its Mayor.

6

This quote is Plaintiffs' brief's most detailed statement of their § 1983 case. What is immediately apparent is that there are no citations to any evidence of record in support.[2] Furthermore, the statements are merely conclusory summary statements, containing no specific allegations about who did what to whom. Nor does Plaintiffs' Rule 56.1 statement of undisputed facts fill in these voids: it does not specifically identify any individual Defendant who is alleged to have engaged in any specific action which violated the constitutional rights of any particular Plaintiff, accompanied by supporting evidence.

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Celotex, 477 U.S. at 323. Defendants challenged Plaintiffs to show that they have evidence to support a viable case against any individual Defendant for violation of § 1983, and Plaintiffs have failed to meet their burden. This Court concludes that Plaintiffs lack sufficient evidence to prove any § 1983 claim against any individual Defendant. As to the § 1983 claim against the individual Defendants, the motion for summary judgment will be granted, and Judgment on the § 1983 claim will be entered in favor of the individual Defendants.

Defendants next move for judgment on the issue of whether the Township has enacted any ordinance that reduces the radius of N.J.S.A. § 2C:34-7. Defendants' brief does not connect

---

[2] The Third Circuit has stated:

> It has been oft-noted that "Judges are not like pigs, hunting for truffles buried in the record." And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments.

United States v. Claxton, 766 F.3d 280, 307, 61 V.I. 715 (3d Cir. 2014) (citations omitted). Plaintiffs have not taken heed of this guidance.

7

this point to a particular claim, but it appears to address the Fifth Count of the SAC. Paragraph 178 of the SAC alleges that, in January of 2011, the Township passed an ordinance "which shrunk the buffer zone for sexually oriented businesses from 1000 feet to 600 feet." The Fifth Count seeks a declaration that, prior to enactment of this ordinance, Hott 22 was outside the 600 foot buffer zone. Defendants argue that the ordinance referred to in the SAC does not apply to Hott 22 because it only applies to "go-go" dancing establishments, and Hott 22 does not fall within this group. Plaintiffs' opposition brief does not respond to this part of Defendants' motion, and this Court construes Plaintiffs' silence as both a concession that Defendants are correct and as an abandonment of the Fifth Count. As to the Fifth Count, the motion for summary judgment will be granted, and Judgment on the Fifth Count will be entered in favor of Defendants.

Defendants next argue that Plaintiffs are not entitled to nonconforming use protection based on the assertion that their property use pre-dated the enactment of SOBA. Plaintiffs respond that they have not sought relief under any such argument. It appears that Defendants' argument pertains to paragraph 182 in the Fifth Count of the SAC, which alleges that Hott 22 was engaged in lawful use prior to the enactment of the new zoning ordinance by the Township; given that this Court has just decided to grant the motion for summary judgment on the Fifth Count, this point is moot.

Plaintiffs opposed Defendants' summary judgment motion and filed a cross-motion for summary judgment. The cross-motion seeks summary judgment on two matters: 1) Plaintiffs move for a declaratory judgment that they are not in violation of SOBA, N.J.S.A. § 2C:34-7; and 2) Plaintiffs move for judgment on their claims pursuant to 42 U.S.C. § 1983. As to Plaintiffs'

motion for summary judgment on their claims pursuant to 42 U.S.C. § 1983, the motion will be denied for the reasons already stated.

As to the motion for a declaratory judgment of no violation of SOBA, Defendants, in opposition, argue that this matter has already been adjudicated both in the courts of the State of New Jersey, and in this Court's Opinion of May 16, 2013. In the Opinion of May 16, 2013, this Court dismissed with prejudice the Second, Sixth, Eighth, and Ninth counts in the First Amended Complaint on the basis of various preclusion doctrines. The Second Count of the First Amended Complaint sought a declaratory judgment that Plaintiffs are not in violation of SOBA. Thus, the "Tenth Count" (which is really the Sixth Count) in the Second Amended Complaint, to the extent that it seeks a declaratory judgment that Plaintiffs do not violate SOBA, reasserts a claim that this Court has already dismissed with prejudice. (SAC ¶ 188.) To the extent that the Second Amended Complaint seeks to reassert claims previously dismissed with prejudice, those claims are a nullity, and are hereby stricken from the Second Amended Complaint. The present cross-motion for a declaratory judgment therefore seeks judgment on a claim that is not present in the SAC, and will be denied.

For these reasons,

**IT IS** on this 2nd day of August, 2017

**ORDERED** that Defendants' motion for summary judgment (Docket Entry No. 78) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Defendants' affirmative defense of qualified immunity to claims of violation of 42 U.S.C. § 1983, Defendants' motion for summary judgment is **DENIED**; and it is further

**ORDERED** that, as to all claims against Defendant The Township of Union Police Department and all claims pursuant to 42 U.S.C. § 1983, Defendants' motion for summary judgment is **GRANTED**, and Judgment on all claims against Defendant The Township of Union Police Department and all claims pursuant to 42 U.S.C. § 1983 is hereby entered in Defendants' favor; and it is further

**ORDERED** that, as to the Fifth Count of the SAC, Defendants' motion for summary judgment is **GRANTED**, and Judgment on the Fifth Count is hereby entered in Defendants' favor; and it is further

**ORDERED** that, to the extent that the Second Amended Complaint asserts claims seeking a declaration that Plaintiffs are not in violation of SOBA, such matter is hereby **STRICKEN** from the Second Amended Complaint; and it is further

**ORDERED** that Plaintiffs' cross-motion for summary judgment (Docket Entry No. 83) is **DENIED**.

                                                                        s/ Stanley R. Chesler
                                                                       Stanley R. Chesler, U.S.D.J.